IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LAWRENCE RUPERT SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 108-066 |
| | ) |
| RONALD STRENGTH, Sheriff, Richmond County Sheriff's Office, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In addition to his objections, Plaintiff has also filed a motion to amend. (Doc. no. 38). Plaintiff seeks to amend his complaint to add the United States as a Defendant. (Id.). Plaintiff has already amended his complaint once. (See doc. no. 13). Fed. R. Civ. P. 15(a) provides in pertinent part, "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading." As such, Plaintiff may not file his amendment without leave of court. Fed. R. Civ. P. 15(a). Thus, the Court turns its attention to whether leave to amend should be granted.

Although leave to amend is generally freely given, Foman v. Davis, 371 U.S. 178, 182 (1962), it is by no means guaranteed, and the trial court has considerable discretion when

deciding whether to grant or deny a motion for leave to amend. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982).

Plaintiff seeks leave to amend his complaint to add the United States as a Defendant. As noted in the Report and Recommendation, Plaintiff failed to state a claim upon which relief can be granted; therefore the Magistrate Judge recommended dismissal of his entire case. Regarding Plaintiff's amendment, the Court notes that he does not assert any new claims; he only attempts to add a defendant. The addition of the United States as a Defendant does not cure Plaintiff's pleading deficiencies noted in the Report and Recommendation. As such, Plaintiff's amendment is futile. Leave to amend is properly denied when any such amendment would be futile. Hall v. United Insurance Co. of America, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Accordingly, Plaintiff's amendment is futile and his motion to amend is **DENIED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore Defendants' motions to dismiss (doc. nos. 6, 10, 14, 15) are **GRANTED**, Plaintiff's motion for injunctive relief and request for a hearing (doc.

nos. 24-1, 24-2) is **DENIED**, and this case is **CLOSED**.[1]

SO ORDERED this 4th day of February, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] In light of this Order, the motions for leave of absence and stay of the proceedings (doc. nos. 36, 37), filed by Defendants' counsel, are **MOOT**.

3